IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Cecil Allen Simmons, # 177634,<br><br>                     Petitioner,<br><br>vs.<br><br>~~The State of South Carolina;~~<br>~~South Carolina,~~<br>Warden of Ridgeland Correctional<br>Institution,<br><br>                     Respondent. | Civil Action No. 6:14-4803-RBH-KFM<br><br>**REPORT OF MAGISTRATE JUDGE** |

       The petitioner is an inmate at the Ridgeland Correctional Institution of the South Carolina Department of Corrections. He is serving a 30 year sentence for kidnapping and a 25 year sentence for first degree criminal sexual conduct entered in Case No. 1991-GS-26-46. The petitioner was originally sentenced in 1991 to life in prison on the kidnapping conviction, but the sentence was reduced on April 14, 2004, to 30 years consecutive as the result of the petitioner's successful second application for post-conviction relief (Case No. 2002-CP-26-3173).

       The petitioner's exhibits indicate that he has filed a total of four applications for post-conviction relief (doc. 1-1 at 1–2). It appears that the petitioner filed his third application for post-conviction *after* he was resentenced on the kidnapping conviction (*id.*). The Court of Common Pleas dismissed the third application for post-conviction relief, but the petitioner's counsel in the third post-conviction case failed to appeal the denial of post-conviction relief (*id.* at 2). The petitioner filed a fourth application for post-conviction relief and sought a belated appeal in the third application for post-conviction relief pursuant to the

holding in *Austin v. State*, 409 S.E.2d 395 (S.C. 1991) (giving a post-conviction applicant, for whom relief is denied after a hearing, the appeal allowed by S.C. Code Ann. § 17-27-100, upon a reliable finding that the applicant was denied an opportunity to seek appellate review in his or her prior post-conviction case). The State of South Carolina conceded that the petitioner was entitled to a belated review (doc. 1-1 at 2). The South Carolina Court of Appeals conducted the belated review and affirmed the petitioner's thirty-year consecutive sentence in *Cecil Allen Simmons v. State*, Appellate Case No. 2012-207147, Unpublished Opinion No. 2014-UP-413 (S.C.Ct. App. Nov. 26, 2014).

Under established local procedure in this judicial district, a careful review has been made of the *pro se* petition pursuant to the procedural provisions the Anti-Terrorism and Effective Death Penalty Act of 1996 and other habeas corpus statutes. The petitioner is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *See Erickson v. Pardus*, 551 U.S. 89 (2007)(*per curiam*). Even when considered under this less stringent standard, the Section 2254 petition is subject to summary dismissal because it is a successive petition.

In *Cecil Allen Simmons v. State of South Carolina*, Civil Action No. 6:06-153-RBH-WMC, the petitioner brought on January 19, 2006, a Section 2254 action to challenge his convictions for kidnapping and first-degree criminal sexual conduct entered in Case No. 91-GS-26-46 on January 3, 1991. In an order filed on January 20, 2006, the Honorable William M. Catoe, United States Magistrate Judge, granted the petitioner's motion for leave to proceed *in forma pauperis* and directed the respondent to file an answer (doc. 3). After receiving an extension of time (doc. 15), the respondent filed a return and motion for summary judgment on March 23, 2006 (doc. 17, doc. 18). On March 24, 2006, a *Roseboro* order was issued to apprise the petitioner of summary judgment procedure (doc. 20). *See Roseboro v. Garrison*, 528 F.2d 309, 310 (4th Cir. 1975). The petitioner filed his response in opposition (doc. 21) on April 12, 2006.

In a Report and Recommendation filed in Civil Action No. 6:06-153-RBH-WMC on January 17, 2007, Magistrate Judge Catoe recommended that the respondent's motion for summary judgment be granted and that the petitioner's motion for default judgment be denied (doc. 27).  On February 8, 2007, the petitioner filed timely written objections (doc. 28) to the Report and Recommendation.  On March 26, 2007, the Honorable R. Bryan Harwell, United States District Judge, overruled the petitioner's objections and adopted the Report and Recommendation (doc. 29).  *See Simmons v. State of South Carolina*, Civil Action No. 6:06-153-RBH, 2007 WL 954144 (D.S.C. Mar. 26, 2007).  The Clerk of Court entered the formal judgment on March 28, 2007 (doc. 30).  No appeal was filed in Civil Action No. 6:06-153-RBH-WMC.

The successiveness of a habeas petition may be raised by a district court *sua sponte*.  *See Latimer v. Warden*, No. 6:10-721-JFA-WMC, 2010 WL 2720964, at *2 (D.S.C. April 14, 2010) ("The issue of successiveness of a habeas petition may be raised by the court *sua sponte*."), *adopted by* 2010 WL 2720912 (D.S.C. July 8, 2010).  This Court may take judicial notice of Civil Action No. 6:06-153-RBH-WMC.  *See Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'").

The standard for determining whether a petition is successive appears in *Slack v. McDaniel*, 529 U.S. 473, 485–89 (2000) (to qualify as "successive" petition, prior petition must have been adjudicated on the merits); *see also Tyler v. Cain*, 533 U.S. 656, 662–68 (2001) (Section 2244(b) applies when first habeas corpus petition adjudicated on the merits was filed prior to enactment of AEDPA and second petition was filed after enactment of AEDPA).  Since Civil Action No. 6:06-153-RBH-WMC was decided by summary judgment, the instant petition is successive, notwithstanding the state court post-conviction proceedings (wherein the petitioner was granted a belated appeal pursuant to the holding in *Austin v. State*) subsequent to Civil Action No. 6:06-153-RBH-WMC.

When a petitioner has previously litigated a § 2254 petition, he or she must, "[b]efore a second or successive application permitted by this section is filed in the district court," . . . "move in the appropriate court of appeals for an order authorizing the district court to consider the application."  28 U.S.C. § 2244(b)(3)(A); *see also* Rule 9, Rules Governing Section 2254 Cases in the United States District Courts ("Before presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals authorizing the district court to consider the petition as required by 28 U.S.C. § 2243(b)(3) and (4).").

There is no indication in the present petition that the petitioner has sought leave from the United States Court of Appeals for the Fourth Circuit to file the petition in the above-captioned case.  Leave from the Fourth Circuit is now required under the Anti-Terrorism and Effective Death Penalty Act of 1996 for filers of successive § 2254 petitions.  *See In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1996) ("Under the AEDPA, an individual may not file a second or successive § 2254 petition for a writ of habeas corpus or § 2255 motion to vacate sentence without first receiving permission to do so from the appropriate circuit court of appeals."); and *In re Fowlkes*, 326 F.3d 542, 544 (4th Cir. 2003) ("Since Fowlkes has previously filed a section 2254 motion, he may only file a successive section 2254 motion if he receives authorization from this court under the standard established in section 2244(b)(3)(C).").

Accordingly, it is recommended that the § 2254 petition be dismissed *without prejudice* and without requiring the respondent to file an answer or return because the petition is successive.  *See* Rule 4, Rules Governing Section 2254 Cases in the United States District Courts ("If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.").  It is also recommended that the district court

deny a Certificate of Appealability.  The petitioner's attention is directed to the important notice on the next page.

January 12, 2015                                              s/ Kevin F. McDonald
Greenville, South Carolina                              United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The petitioner is advised that he may file specific written objections to this Report and Recommendation with the District Judge.  **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.**  "[I]n the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see*  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk
United States District Court
300 East Washington Street — Room 239
Greenville, South Carolina 29601**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).