IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Cecil Allen Simmons, #177634, | ) | Civil Action No.: 6:14-cv-4803-RBH |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| The State of South Carolina and | ) | |
| Warden of Ridgeland Correctional | ) | |
| Institution, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

     Petitioner, state prisoner proceeding *pro se*, initiated this suit by filing a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on December 22, 2014. *See* Pet., ECF No. 1. The matter is now before the court for review of the Report and Recommendation ("R & R") of United States Magistrate Judge Kevin F. McDonald, filed on January 12, 2015.[1] *See* R & R, ECF No. 15. In the R & R, the Magistrate Judge recommends that Petitioner's petition be dismissed without prejudice because the Petition is successive. *See id.* at 4. The Magistrate Judge also recommends that a certificate of appealability be denied. *See id.* Petitioner timely filed objections to the R & R on January 29, 2015. *See* Pet.'s Objs., ECF No. 20.

### STANDARD OF REVIEW

     The Magistrate Judge makes only a recommendation to the district court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the district court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a *de novo* determination of those portions of the R & R to which specific

---

[1] This matter was referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(c), D.S.C.

objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions.  28 U.S.C. § 636(b)(1).

The court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed.  *Id*.  However, the court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations."  *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982) ("[D]e novo review [is] unnecessary in . . . situations when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendation.").  The Court reviews only for clear error in the absence of a specific objection.  *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310 (4th Cir.2005).  Furthermore, in the absence of specific objections to the R & R, this Court is not required to give any explanation for adopting the recommendation.  *See Diamond*, 416 F.3d at 315; *Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983).

## DISCUSSION

Petitioner was convicted of kidnapping and first degree criminal sexual conduct, and is serving a 30 year sentence for the former conviction and a 25 year sentence on the latter.  *See* ECF No. 1 at 1, 3, 17.  Petitioner's exhibits indicate that he has filed a total of four applications for post-conviction relief ("PCR").  *See* Opinion, ECF No. 1-1 at 1–2.  Petitioner's second application for PCR was successful, with the Court reducing his sentence on the kidnapping conviction from an original sentence of life down to 30 years.  *See* ECF No. 1 at 5.  Petitioner filed subsequently filed a third PCR application, which was denied and dismissed.  *See* ECF No. 1-1 at 2.  Petitioner failed to appeal the dismissal of the third PCR, but filed a fourth PCR application arguing that his PCR

2

counsel was ineffective for failing to appeal and seeking belated appeal of the third application. *See id.* The State of South Carolina conceded that he was entitled to belated review. *See id.* Ultimately, however, the Court of Appeals conducted the belated review and affirmed.

In the R & R, the Magistrate Judge recommends the Court dismiss the Petition without prejudice. *See* ECF No. 15 at 4. The Magistrate Judge noted that Petitioner previously brought an action under § 2254 challenging his convictions. *See* Order, *Simmons v. State*, No. 6:06-153-RBH, 2007 WL 954144 (D.S.C. Mar. 26, 2007). Respondent moved for summary judgment in that matter, and the Magistrate Judge recommended dismissal. *See id.* The undersigned adopted the Magistrate Judge's R & R and granted the motion for summary judgment, dismissing the petition with prejudice. *See* ECF No. 15 at 2–3. Accordingly, the Magistrate Judge notes that the present petition is successive, as the previous petition was adjudicated on the merits. *See id.* at 3. The Magistrate Judge explains that Petitioner has not shown that he received leave from the Fourth Circuit to file a second or successive § 2254 petition. *See id.* at 4. Accordingly, the Magistrate Judge recommends that the Petition be dismissed without prejudice and without requiring Respondent to file a return.

Petitioner timely filed objections to the Magistrate Judge's R & R. In his objections, Petitioner does not direct the Court to any particular error in the R & R, aside from a generalized assertion that he objects to the R & R. *See generally* ECF No. 20. Instead, Petitioner argues that he was sentenced to an "illegal life sentence" and generally asserts that his counsel was ineffective, inquiring of the Court how he can "bring action" on her. *See id.* at 1. Petitioner also contends that he was discriminated against and did not receive a fair trial. *See id.* at 2.

Accordingly, as Petitioner has not provided any specific objections to the R & R, the Court need only conduct a review for clear error. Nevertheless, after a full *de novo* review of the record,

3

the Court agrees with the analysis of the Magistrate Judge as set forth in the R & R. This petition is successive and Petitioner has not been given leave to file a successive petition by the Fourth Circuit. Therefore, dismissal without prejudice is warranted.

### CERTIFICATE OF APPEALABILITY

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U .S.C. § 2253(c)(2). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find that the court's assessment of the constitutional claims is debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484, (2000); *see Miller–El v. Cockrell*, 537 U.S. 322, 336–38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate *both* that the dispositive procedural ruling is debatable, and that the petition states a debatable claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484–85. In the instant matter, the Court concludes that Petitioner has failed to make the requisite showing of "the denial of a constitutional right."

### CONCLUSION

After a thorough review of the record in this case, the Court agrees with the Magistrate Judge that Petitioner's § 2254 Petition should be dismissed without prejudice. Accordingly, the Report and Recommendation of the Magistrate Judge is adopted and incorporated by reference.

Therefore, it is **ORDERED** that Petitioner's Petition for a Writ of Habeas Corpus is **DISMISSED** *without prejudice* and without requiring Respondent to file a return. **IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED** because the Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

4

**IT IS SO ORDERED.**

s/ R. Bryan Harwell
R. Bryan Harwell
United States District Judge

Florence, South Carolina
May 8, 2015